Sara MACIAS, Individually, as Representative for the Estate of Manuel Macias, and as Next Friend of Nancy Catalina Macias, Sara Maria Macias, Veronica Macias, Jose Manuel Macias, Anna Macias, and Enrique Macias, Appellant

v.

Josie C. SCHWEDLER, Helen Hardy, Crawford & Company, CNA Insurance Company, Now Known as RSKCO, RSKCO, Continental Casualty Co., Rehabcorp Inc., Katherine Blanchette, M.D., and William H. Matthews, M.D., Appellees.

No. 01–02–01251–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 29, 2004.

Rehearing Overruled May 6, 2004.

Alice Oliver–Parrott, Burrow & Parrott, L.L.P., Sandra N. Eidson, and Lennon C. Wright, Law Offices of Lennon C. Wright, Houston, for Appellant.

Maria Teresa Arguindegui, Burrow & Parrott, L.L.P., James M. Corbett, John B. Wallace, Giessel, Barker & Lyman, Inc., Kathleen Hopkins Alsina, Stanley T. Proctor, Phelps Dunbar, L.L.P., Curtis Collette, and Joseph W. Gagnon, Ramsey & Murray, P.C., Houston, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

SAM NUCHIA, Justice.

Appellant, Sara Macias, individually, as representative for the Estate of Manuel Macias, and as next friend of Nancy Catalina Macias, Sara Maria Macias, Veronica Macias, Jose Manuel Macias, Anna Macias, and Enrique Macias (collectively, Macias), appeals the dismissal, for lack of subject-matter jurisdiction, of her wrongful death

suit against CNA Insurance Company, now known as RSKCo, and Continental Casualty Company, the workers' compensation insurance carriers for the employer of decedent Manuel Macias; the claim administrator, Crawford & Company and its employees, Josie C. Schwedler, Helen Hardy, and Bobbie J. Badger, R.N.; and those hired to investigate Manuel Macias's claim, Rehabcorp Inc., Katherine Blanchette, M.D., and William H. Matthews, M.D. We affirm.

## BACKGROUND

We present the following facts as alleged in Macias's fifth amended original petition: Manuel Macias was injured as he was walking into a plant to report to work when his ankle rolled on the edge of the roadway causing him to fall and injure his ankle, knee, buttocks, back, and body in general and aggravating his pre-existing spinal arthritis. He made a claim against his workers' compensation insurer, which was either CNA or Continental Casualty Company. The carrier filed a notice of disputed claim and hired doctors to provide the carrier with false and fraudulent medical conclusions and refused to consider proper treatment or to perform the necessary diagnostic tests for the injuries to Manuel Macias's back and the aggravation of his pre-existing arthritis.[1] Upon learning that the carrier was refusing treatment for his back and the aggravated arthritis, Manuel Macias became despondent and committed suicide.

After her husband's death, Sara Macias, individually and on behalf of her husband's estate and their children, sued the companies and their employees that were involved in investigation and denial of the workers' compensation claim. Macias alleged that the defendants:

1. Knowingly violated article 21.21 of the Texas Insurance Code by making false representations regarding the nature of the injury; failed to attempt in good faith to make a prompt, fair, and equitable settlement of the claim; refused to pay the claim without a reasonable investigation; hired biased doctors and medical reviewers whose task was to provide false and misleading conclusions about the injuries; made other untrue statements; and failed to provide necessary facts.

2. Engaged in fraud and unfair settlement practices through defendants Rehabcorp, Inc., Dr. Blanchette, and Dr. Matthews, who, without an examination of Manuel Macias, provided false, misleading, and fraudulent statements that Manuel Macias suffered only a sprained ankle, that an appropriate date for ending treatment should have been 02/12/00, and that there was no direct injury to the spine pertaining to the work incident, despite the fact that the adjuster's medical records contained information that the pre-existing arthritis had been severely aggravated by the workplace injury.

3. Were liable for intentional infliction of emotional distress by making, publicizing, and stating to Manuel Macias and his family the false and fraudulent statements concerning the injury and medical records; by making these false statements knowingly despite the defendants' knowledge of the truth of Manuel Macias's condition; by falsely and fraudulently stating to Manuel Macias that his injury was one of only two percent whole-body impairment, that his benefits were exhausted, and that his injury was limited to his ankle; and by not disclosing that his injury

---

1. Manuel Macias received treatment for a sprained ankle.

was an aggravation of his pre-existing arthritis.

Schwedler, Hardy, and Crawford & Company filed a motion to dismiss Macias's suit for lack of jurisdiction on the ground that Macias's petition did not state facts showing that the decedent or the plaintiff had exhausted their remedies before the Texas Workers' Compensation Commission, and the trial court had no jurisdiction to adjudicate Manuel Macias's claim for workers' compensation benefits. The trial court granted the motion to dismiss. Macias presents five issues attacking the dismissal of her lawsuit. In her first three issues, Macias contends that the trial court erred in granting the dismissal because this is not a suit to recover compensation benefits as damages, there is no determination of benefits or medical treatment for the Commission to make, and therefore, there is no need to exhaust administrative remedies under the Texas Workers' Compensation Act (the Act). In her fourth issue, Macias contends that the trial court erred by granting a dismissal against the doctor defendants because they are not covered by the Act. In her fifth issue, Macias contends, in the alternative, that the trial court should have granted an abatement rather than a dismissal.

## DISCUSSION

### Standard of Review

▉ The existence of subject-matter jurisdiction is a matter of law; therefore, we review a trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a trial court's dismissal for lack of subject-matter jurisdiction, we examine the plaintiff's pleadings to determine whether they affirmatively show that the trial court had subject-matter jurisdiction. *Continental Cas. Ins. Co. v. Functional Restoration Assoc.,* 19 S.W.3d 393, 404 (Tex.2000).

### Exhaustion of Remedies

▉ Macias first contends that she is not required to exhaust administrative remedies before filing her wrongful death suit because the suit was not brought to recover compensation benefits as damages, but is a suit for fraud, breach of the duty of good faith and fair dealing, unfair settlement practices, misrepresentation of an insurance policy, and intentional infliction of emotional distress resulting in the wrongful death of her husband. She argues that the calculation of damages under these theories of recovery does not require a benefits determination and that the liability is distinct and separate from the carrier's liability for benefits or medical treatment under the Act.

Appellees respond that *American Motorists Insurance Co. v. Fodge* is dispositive of this case. *See Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801 (Tex.2001). In *Fodge,* the plaintiff filed a workers' compensation claim, which was initially denied. *Id.* at 802. A hearing officer then found a compensable injury and entered an order for the payment of temporary income benefits. *Id.* The carrier complied with the order. *Id.* Later, the plaintiff sued the carrier, alleging (1) that compensation benefits were due under the insurance policy, (2) that damages were caused by the bad faith denial of those benefits, and (3) that damages were caused by the bad faith delay in handling the claim and paying the benefits that were determined to be due. *Id.* at 803. The supreme court determined that the first two claims had to be dismissed or abated. *Id.* 802. The court stated that "just as a court cannot award compensation benefits, except on appeal from a Commission ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due." *Id.* at 804. The court,

applying this principle to the plaintiff, said that the plaintiff could not recover damages for the breach of duty of good faith to pay medical expenses if she was not entitled to medical treatment, and the trial court could not adjudicate the plaintiff's bad-faith claim without determining her entitlement to medical treatment. *Id.* The court continued, "Her claim for damages from denied medical treatment is made no more viable simply by restating it under the other legal theories she asserted—negligence, fraud, and statutory violations." *Id.*

We agree that *Fodge* is dispositive of this case. Without a factual determination that Manuel Macias's back injury and aggravated spinal arthritis are compensable injuries, a fact finder cannot find that the defendants breached their duty of good faith and fair dealing, that the carriers engaged in unfair settlement practices, or that the adjusters and medical reviewers made false and misleading statements concerning the compensable injury. Only the Commission can make the determination that the claimed injuries were compensable, and no such determination appears in this record. Therefore, the trial court had no jurisdiction to adjudicate Macias's claims.

Macias, relying on our standard of review, asserts, "Even if Mr. Macias was not entitled to benefits or medical treatment, [except for] what had already been paid, the defendants' conduct amounted to fraud, intentional infliction of emotional distress, unfair settlement practices, misrepresentation of an insurance policy, and breach of the duty of good faith and fair dealing." Macias ignores that each of these grounds of recovery is based on Macias's assertion that benefits for Manuel Macias were wrongly denied. Therefore, the basis for the denial of benefits is central to the lawsuit.

Macias asserts that *Fodge* "held that, if the denial of benefits were *extreme* and produced damages *unrelated* to and *independent* of the policy claim, then jurisdiction would be present." *See id.* at 804 (emphasis added). *Fodge* did not make this holding. *Fodge* was referring to an earlier case, which did not involve a compensation claim, and stated that, for compensation claims, "[W]e think that bad faith liability for denial of a non-covered claim is not even a possibility because of the detailed statutory regulation of the processes of making and resolving such claims.... [W]e do conclude that the process precludes bad faith liability for denying benefits to which the claimant is not entitled." *Id.*

In our case, Manuel Macias was not entitled to medical benefits related to his back injury and aggravated spinal arthritis. There is no evidence in the record that Manuel Macias exhausted his remedies with respect to the denial of those claims. Therefore, the trial court did not have jurisdiction to adjudicate Macias's claims for damages resulting from the denial of those claims, and the trial court did not err in granting the motion to dismiss. Accordingly, we overrule Macias's first three issues.

### Doctor Defendants

In her fourth issue, Macias contends that the claims against the doctor defendants, Blanchette and Matthews, should not have been dismissed because the Act does not apply to them. She argues that she has alleged independent causes of action for fraud and intentional infliction of emotional distress against the doctor defendants.

The logic of *Fodge* applies to the doctor defendants as well as to the carrier defendants. The trial court could not adjudicate the claims against Blanchette and Matthews without a determination of the valid-

ity of Manuel Macias's claim for benefits. Such a determination may not be made by the trial court without a final determination by the Commission. Therefore, the trial court did not err in dismissing the suit against all defendants. We overrule Macias's fourth issue.

### Abatement

In her fifth issue, Macias contends that the trial court should have granted an abatement rather than a dismissal, citing *Fodge*. *See id.* at 805 (stating that if claim is not within court's jurisdiction and impediment to jurisdiction can be removed, court may abate to allow reasonable opportunity to cure problem).

In the trial court, Macias argued that nothing would be accomplished by abating the case because Macias would not be able to seek additional benefits from the Commission. In her response to the defendant's motion to dismiss or abate, Macias requested that the motion be in all things denied. Therefore, Macias has waived her fifth issue. *See* TEX.R.APP. P. 33.1.

### CONCLUSION

We affirm the judgment of the trial court.