COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-053-CV

 

 

GUIDEONE INSURANCE COMPANY                                         APPELLANT

 

                                                   V.

 

BETTY BUCKNER CUPPS                                                         APPELLEE

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








GuideOne Insurance Company
appeals a summary judgment rendered for Betty Buckner Cupps on the ground that
the trial court lacked subject matter jurisdiction over GuideOne=s claims against Cupps.  In one
issue, GuideOne asserts that (1) the trial court erred in determining that it
lacked subject matter jurisdiction and (2) GuideOne=s summary judgment evidence raises material fact issues.  Because we hold that the trial court did not
have subject matter jurisdiction in this case, we affirm.

II.  Background

In August 1998, Cupps
sustained an injury in the course of her employment with Temple Christian
School.  She filed a workers= compensation claim with GuideOne, the workers= compensation carrier for the school. GuideOne began paying benefits
under the Texas Workers=
Compensation Act (the Act) in 1998.  Thereafter,
Cupps applied for supplemental income benefits (SIBs) on the basis that she was
permanently and totally disabled, and GuideOne began paying those benefits
without contesting her claim of disability.








In July 2003, GuideOne
investigated Cupps=s disability
and, as a result, determined that she was not permanently and totally disabled
and had been fraudulently obtaining SIBs. 
Notwithstanding the discovery of this information, GuideOne did not
request a benefit review conference to contest Cupps=s entitlement to the benefits or request the initiation of an
administrative violation proceeding.[1]  In July 2004, GuideOne sued Cupps in state
district court for fraud, conversion, negligent misrepresentation, and
violation of the Theft Liability Act in seeking SIBs.

Cupps filed a motion for
summary judgment asserting, among other things, that the trial court lacked
subject matter jurisdiction over GuideOne=s claims because GuideOne had failed to exhaust its administrative
remedies.  The trial court granted Cupps=s motion and dismissed GuideOne=s claims.

III.  Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law.[2]  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.[3]








A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.[4]  Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the
plaintiff to come forward with competent controverting evidence raising a genuine
issue of material fact with regard to the element challenged by the defendant.[5]

When reviewing a summary
judgment granted on a specific ground, we can affirm the judgment only if the
ground on which the trial court granted relief is meritorious.[6]


IV.  Issues on Appeal








GuideOne argues that it was
not required to exhaust its administrative remedies under the Act before
pursuing its claims against Cupps for fraud, conversion, negligent
misrepresentation, and Theft Liability Act violations because the Texas Workers= Compensation Commission (Commission) does not have exclusive
jurisdiction over such claims.  GuideOne
further asserts that it is entitled to pursue its common-law claims because
sections 415.034 and 415.035 of the Act do not give an insurance carrier either
the right to seek a hearing to determine whether an administrative violation
has occurred based on allegedly fraudulent conduct or standing to seek judicial
review of the decision regarding an administrative violation.[7]  Therefore, GuideOne contends, it has no
remedy under the Act for recovering benefits that Cupps has wrongfully
obtained.

V.  Exclusive Jurisdiction 

We turn first to GuideOne=s argument that it was not required to exhaust its administrative
remedies because the Commission did not have exclusive jurisdiction over its
claims.

Under the exclusive
jurisdiction doctrine, the legislature grants an administrative agency the sole
authority to make an initial determination in a dispute.[8]  An agency has exclusive jurisdiction when a
pervasive regulatory scheme indicates that the legislature intended for the
regulatory process to be the exclusive means of remedying the problem to which
the regulation is addressed.[9]  For example, when a cause of action and
the remedy for its enforcement are derived not from the common law but from a
statute, the statutory provisions are mandatory and exclusive and must be
complied with in all respects or the action is not maintainable.[10]








If an agency has exclusive
jurisdiction over a matter, a party must exhaust all administrative remedies
before seeking judicial review of the agency=s action.[11]  Until then, the trial court lacks subject
matter jurisdiction and must dismiss the claims within the agency=s exclusive jurisdiction.[12]








In this case, we must
determine whether the Act is a pervasive regulatory scheme that gives the
Commission exclusive jurisdiction over GuideOne=s claims against Cupps. 
Statutory construction is a question of law that we review de novo.[13]  We look to the legislature=s intent as found in the plain and common meaning of the words and
terms used.[14]  We need not resort to rules of construction
or extrinsic aids to construe a statute that is clear and unambiguous.[15]  When a statute fails to define a term, we
apply and use its plain meaning.[16]  We must not adopt a construction that would
lead to an absurd result if the provision is subject to a more reasonable
interpretation.[17]  Further, we consider the provisions of a
statute as a whole and not in isolation.[18]       

A.  The Texas Workers= Compensation Act








The Act Avests the power to award compensation benefits solely in the Workers= Compensation Commission . . . subject to judicial review.@[19]  This power encompasses
disputes involving compensation benefits.[20]  The legislature, in enacting the workers= compensation system, intended to Astrengthen the enforcement and adjudicatory powers of the Commission.@[21]

The Act provides the
following detailed procedures for contesting an employee=s entitlement to SIBs and for initiating an administrative violation
proceeding if a person fraudulently obtains a payment of those benefits.[22]

1.  Benefit Review Conference








First, section 408.147 of the
Act provides that an insurance carrier may request a benefit review conference
to contest an employee=s
entitlement to SIBs within ten days after the Commission determines that the
employee is entitled to benefits.[23]  A Abenefit review conference is a nonadversarial, informal dispute
resolution proceeding@ designed to
explain, discuss, and mediate disputed workers= compensation claims.[24]  If a carrier does not make such a request
within the ten-day period, it waives its right to contest entitlement to SIBs
for that pay period only.[25]  It can, however, timely contest entitlement
to SIBs for subsequent pay periods.[26]








If issues remain unresolved
after the benefit review conference, the parties may, by agreement, elect to
engage in arbitration[27]
or request a contested case hearing.[28]  An arbitrator=s award is final and binding on all parties and is subject to judicial
review only in very limited circumstances.[29]  In contrast, a party may appeal the decision
of the contested case hearing officer to an appeals panel by filing a written
request no later than the fifteenth day after the date the decision is
received.[30]  A decision of the appeals panel regarding
benefits is subject to judicial review.[31]  Judicial review may be sought by a party
aggrieved by the appeals panel decisionCincluding a workers= compensation insurance carrierCAthat has exhausted its administrative remedies under this subtitle.@[32]

2.  Administrative Violation Proceedings

Second, the Act contains
specific provisions addressing administrative violations committed in the
course of obtaining workers= compensation benefits.  Section
415.008 provides:

(a) A
person commits a violation if the person, to obtain or deny a payment of a
workers=
compensation benefit . . . knowingly or intentionally: 

 

(1) makes a false or misleading statement; 

(2) misrepresents or conceals a material fact; 

(3) fabricates, alters, conceals, or destroys a
document; or

(4)
conspires to commit an act described by Subsection (1), (2), or (3).

 

. . . .

 








(c) A
person who has obtained an excess payment in violation of this section is
liable for full repayment plus interest computed at the rate prescribed by
Section 401.023.[33]

 

An Aexcess payment@ is an
amount greater than the amount to which the person obtaining the payment is
otherwise entitled.[34]  AAny person,@ including a
worker=s compensation insurer,[35]
may request the initiation of an administrative violation proceeding by filing
a written allegation with the division.[36]








The Act also contains
provisions for notifying a person accused of an administrative violation.[37]  The charged party must, not later than the
twentieth day after receiving the notice, pay a penalty determined by the
Commission or make a written request for a hearing.[38]  On request of the charged party or the
Commissioner, a hearing must be conducted on the administrative violation
proceeding and the hearing officer must make findings of fact and conclusions
of law and issue a written decision at the close of the hearing.[39]  Under section 415.035, a decision made at the
hearing is subject to judicial review in the manner provided under Chapter 2001
of the government code.[40]  Section 2001.171 of the government code
provides that A[a] person
who has exhausted all administrative remedies available within a state agency
and who is aggrieved by a final decision in a contested case is entitled to
judicial review under this chapter.@[41]

B.  The Commission=s Jurisdiction













We believe that the pervasive
regulatory scheme described above evidences the legislature=s intent to give the Commission exclusive jurisdiction under the Act
to resolve the issues raised by GuideOne=s claims, such as whether a person is entitled to SIBs and whether the
person fraudulently obtained those benefits,[42]
before any party pursues such claims in court.[43]  Specifically, section 408.147 provides the
Commission with the authority to make an initial determination regarding a
party=s entitlement to SIBs by conducting a benefit review conference.[44]  Chapter 410 delineates the specific
procedures for contesting a decision made at the benefit review conference, and
the legislature has specifically stated that judicial review of a final
decision by the appeals panel is permitted only if A[a] party has exhausted its administrative remedies under this
subtitle.@[45]  Also, the Commission has the
authority to make the initial determination regarding whether a party
fraudulently obtained benefits under section 415.008.[46]  By providing that decisions made at the
administrative violation hearings are subject to judicial review,[47]
the legislature has indicated its intent that the Commission must resolve
claims arising under section 415.008[48]
first before the courts may grant relief.








In this case, GuideOne=s fraud, conversion, negligent misrepresentation, and Theft Liability
Act claims against Cupps are all based on GuideOne=s allegation that Cupps was not permanently and totally disabled and,
therefore, had been fraudulently obtaining SIBs.  GuideOne does not seek any damages unrelated
to or independent of the allegedly overpaid SIBs.[49]  Thus, GuideOne=s common-law and Theft Liability Act claims merely seek to recover
overpaid workers=
compensation benefits, and the legislature has given the Commission exclusive
jurisdiction under the Act to make the initial determination regarding these
claims.  GuideOne cannot circumvent this
exclusive authority simply by restating its claims under other legal theories.[50]  Therefore, we hold that the Commission had
exclusive jurisdiction over GuideOne=s common-law and Theft Liability Act claims.








Further, GuideOne could have
disputed Cupps=s
entitlement to the SIBs by timely requesting a benefit review conference
followed by a contested case hearing, or it could have requested the initiation
of an administrative violation proceeding at any time.[51]  Had GuideOne followed the proper procedures
for requesting a benefit review conference and obtained a final decision that
it did not owe Cupps supplemental benefits, GuideOne could have been reimbursed
for any overpayments made under a previous decision.[52]  Similarly, if GuideOne had requested an
administrative violation proceeding and the hearing officer had determined that
Cupps had committed a violation, GuideOne could have recovered Afull repayment plus interest@ of the excess payment Cupps received[53]
plus a potential penalty.[54]  Thus, the Act provided GuideOne a remedy for
recovering any SIBs that Cupps fraudulently obtained.  Moreover, following exhaustion of either of
these remedies, GuideOne could have sought judicial review.[55]  Because GuideOne did not exhaust its
remedies, however, the trial court lacked subject matter jurisdiction over
GuideOne=s claims.[56]

Conclusion  








For the foregoing reasons, we
conclude that the trial court properly granted Cupps=s motion for summary judgment based on lack of subject matter
jurisdiction.  In light of our holding
that the trial court lacked subject matter jurisdiction, we need not address
GuideOne=s remaining arguments.[57]  Accordingly, we overrule GuideOne=s issue and affirm the trial court=s judgment.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
B:  CAYCE, C.J.; DAUPHINOT and WALKER,
JJ.

 

DELIVERED:  November 9, 2006

 











[1]See Tex. Lab. Code Ann. ''
408.147(a)-(b), 415.031 (Vernon 2006) (providing the procedures for an
insurance carrier to contest an employee=s entitlement to SIBs and to
request an administrative violation proceeding).





[2]Tex. R. Civ. P. 166a(c); Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 





[3]Sw.
Elec. Power Co., 73 S.W.3d at 215.





[4]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004).





[5]Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).





[6]Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 625-26 (Tex. 1996). 





[7]See Tex. Lab. Code Ann. ''
415.034-.035 (Vernon 2006).





[8]Subaru
of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221
(Tex. 2002); Cash Am. Int=l, Inc. v. Bennett, 35
S.W.3d 12, 15 (Tex. 2000). 





[9]Subaru
of Am., Inc., 84 S.W.3d at 221.





[10]Mingus
v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1087 (1926), overruled
on other grounds, Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76
(Tex. 2000); Meekey v. Rick=s Cabaret Int=l,
Inc., 171 S.W.3d 394, 399 (Tex. App.CHouston [14th Dist.] 2005,
pet. denied); Burgess v. Gallery Model Homes, Inc., 101 S.W.3d 550,
553-54 (Tex. App.CHouston
[1st Dist.] 2003, pet. denied).





[11]In re
Entergy Corp., 142 S.W.3d 316, 321-22 (Tex. 2004).





[12]Subaru
of Am., Inc., 84 S.W.3d at 221; see also Tex. Lab. Code Ann. '
415.035 (providing that a decision made in an administrative hearing is subject
to judicial review). 





[13]Subaru
of Am., Inc., 84 S.W.3d at 221; Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S.
1144 (1999). 





[14]St.
Luke=s
Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997); In
re K.L.V., 109 S.W.3d 61, 65 (Tex. App.CFort Worth 2003, pet.
denied).





[15]St.
Luke=s
Episcopal Hosp., 952 S.W.2d at 505; Cail v. Serv. Motors, Inc.,
660 S.W.2d 814, 815 (Tex. 1983).  Neither
party in this case claims that the Act is ambiguous.





[16]See Tex. Gov=t Code Ann. '
312.002 (Vernon 2005) (Providing that words shall be given their ordinary
meaning).





[17]C
& H Nationwide, Inc. v. Thompson, 903 S.W.2d 315, 322 n.5
(Tex. 1994), abrogated on other grounds, Battaglia v. Alexander,
177 S.W.3d 893 (Tex. 2005); Sharp v. House of Lloyd, Inc., 815 S.W.2d
245, 249 (Tex. 1991). 





[18]Helena
Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).





[19]American
Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 803 (Tex. 2001); see
also Tex. Lab. Code Ann. '
408.001(a) (Vernon 2006) (stating that A[r]ecovery of workers=
compensation benefits is the exclusive remedy of an employee covered by workers=
compensation insurance coverage@).  Benefits include medical benefits and income
benefits.  Tex. Lab. Code Ann. ' 408.003
(Vernon 2006). 





[20]See
Fodge, 63 S.W.3d at 804 (stating that Aonly the Commission can
determine a claimant=s entitlement
to compensation benefits@).





[21]Howell
v. Tex. Workers=
Comp. Comm=n, 143
S.W.3d 416, 437 (Tex. App.CAustin 2004, pet. denied)
(quoting Tex. Workers= Comp. Comm=n v.
Garcia, 893 S.W.2d 504, 514 (Tex. 1995)). 






[22]See Tex. Lab. Code Ann. ''
408.147, 415.008, 415.031; see also Cont=l
Cas. Co. v. Downs, 81 S.W.3d 803, 806 (Tex. 2002) (examining the
statutory procedure regarding a carrier=s refusal to pay benefits and
noting that the legislature=s goal in these statutes is
to provide employees with either prompt payment or notice of denial of benefits
and to streamline the process to avoid early attorney involvement).





[23]Tex. Lab. Code Ann. '
408.147(a)-(b); 28 Tex. Admin. Code '
130.108(c) (1999) (Tex. Dep=t of Ins., Div. of Workers=
Compen.). 





[24]Tex. Lab. Code Ann. '
410.021. 





[25]Id. '
408.147(b).





[26]Id.  ASIBs are calculated quarterly
and paid monthly.@   Id.
'
408.144. 





[27]Id. '
410.104; see also id. '' 410.102-.121 (Vernon 2006)
(providing the procedures for pursuing a claim through arbitration).





[28]Id. '
410.151; see also id. '' 410.151-.169
(Vernon 2006) (stating the rules and procedures for pursuing a claim through a
contested case hearing).





[29]See
id. ''
410.119, 410.121 (providing that a court shall vacate an arbitrator=s
otherwise final order on a finding that: (1) the award was procured by fraud;
(2) the decision was arbitrary; or (3) the award was outside the jurisdiction
of the Commission).





[30]Id. '
410.202; see also id. '' 410.202-.204 (describing the
rules and procedures for bringing a claim before the appeals panel). 





[31]Id. '
410.205(a).





[32]Id. '
410.251; see Ins. Co. of State of Pa. v. Orosco, 170 S.W.3d 129,
132 (Tex. App.CSan
Antonio 2005, no pet.); see also Johnson v. United Parcel Serv., 36
S.W.3d 918, 920 (Tex. App.CDallas 2001, pet. denied)
(holding that an insurance carrier may seek judicial review of an appeals panel
decision because the carrier is liable for workers=
compensation benefits).





[33]Tex. Lab. Code Ann. '
415.008(a),(c).





[34]See
id. ''
408.142(a), 408.144(b) (stating the requirements an employee must meet before
she is entitled to SIBs and how such benefits are calculated); id. ''
408.123, 408.126, 408.128 (providing the procedure to calculate an employee=s
entitlement to and amount of impairment income benefits). 





[35]See
id. '
415.002 (referring to an insurance carrier or its representative as a Aperson@ with
regard to administrative violations).





[36]Id. '
415.031. 





[37]Id. '
415.032.





[38]Id.  In determining the amount of an
administrative penalty, the commissioner must consider the seriousness of the
violation, the history and extent of previous violations, any good faith the
violator has shown, the amount needed to deter future violations, and the
possible economic benefit to the violator from the prohibited act.  Id. '
415.021(c).  The penalty for fraudulently
obtaining or denying benefits under section 415.008, a class B administrative
violation, is a fine not to exceed $5,000, plus full repayment of the excess
payment with interest.  Id. ''
415.008(b),(c), 415.022(2).





[39]Id. '
415.034(b). 





[40]See
id. '
415.035(a).





[41]Tex. Gov=t Code Ann. '
2001.171 (Vernon 2006).  In light of
these provisions, GuideOne=s argument that section
415.035 does not give an insurance carrier standing to seek judicial review of
an administrative violation determination is incorrect.





[42]See Tex. Lab. Code Ann. '
408.147(a)-(b); 28 Tex. Admin. Code '
130.108 (c) (setting out the procedure to contest an employee=s
entitlement to SIBs); Tex. Lab. Code
Ann. ''
415.008(a)-(c), 415.031, 415.034-,.035 (setting out the procedure for
conducting an administrative violation hearing).





[43]See
Subaru of Am., Inc., 84 S.W.3d at 223; In re Entergy Corp.,
142 S.W.3d at 321-22 (both discussing exclusive jurisdiction); see also Tex.
Mut. Ins. Co. v. Eckerd Corp., 162 S.W.3d 261, 266 (Tex. App.CAustin
2005, pet. denied) (holding that a medical fee dispute between a workers=
compensation insurance carrier, pharmacies, and pharmacies=
billing companies concerning alleged over-billing for prescription drugs
dispensed to claimants fell within the exclusive jurisdiction of the Commission
and the trial court did not have jurisdiction to hear the carrier=s
claims until it had exhausted administrative remedies); Howell, 143
S.W.3d at 437-38 (holding that the Commission has exclusive jurisdiction over
medical fee disputes between providers and insurers).





[44]See Tex. Lab. Code Ann. '
408.147(a)-(b); see also Fodge, 63 S.W.3d at 804 (A[O]nly
the Commission can determine a claimant=s entitlement to compensation
benefits.@).





[45]Tex. Lab. Code Ann. '
410.251; Fodge, 63 S.W.3d at 804 (holding that a court cannot award
workers=
compensation benefits except on appeal from a Commission ruling).





[46]See Tex. Lab. Code Ann. '
415.008(a),(c).





[47]Id. '
415.035(a); Tex. Gov=t Code Ann. '
2001.171.





[48]See Tex. Lab. Code Ann. '
415.008(a) (covering claims that a person obtained or denied payment of
compensation benefits by making misleading statements or misrepresentations or
by altering documents). 





[49]In
its petition, GuideOne sought an unspecified amount of actual and exemplary
damages, as well as attorney=s fees; the exemplary damages
were premised on Cupps=s
allegedly malicious actions in fraudulently obtaining SIBs. 





[50]See
Fodge, 63 S.W.3d at 804; see also Henry v. Dillard Dep=t
Stores, Inc., 70 S.W.3d 808, 809 (Tex. 2002); Macias v.
Schwedler, 135 S.W.3d 826, 830 (Tex. App.CHouston
[1st Dist.] 2004, pet. denied) (all stating that a court cannot award damages
for a denial in payment of compensation benefits without a determination by the
Commission that such benefits were due).





[51]See Tex. Lab. Code Ann. ''
408.147, 410.151, 415.031.





[52]See
id. ' 410.209.





[53]See
id. '
415.008(c).





[54]See
id. '
415.021(c).  In assessing an
administrative penalty, the commissioner may consider, among other things, the
seriousness of the violation and the history and extent of previous violations.  Id.





[55]See
id. ''
410.251, 415.035(a); Tex. Gov=t Code Ann. '
2001.171.  Because GuideOne could have
requested the initiation of an administrative proceeding and was entitled to
judicial review of the hearing officer=s decision, the mere fact
that GuideOne could not request a hearing under section 415.034 to determine
whether an administrative violation occurred did not leave GuideOne without a
remedy under the Act.





[56]See
In re Entergy Corp., 142 S.W.3d at 321-22; Bone v. Utica Nat=l
Life Ins. Co., No. 02-002-00209-CV, 2003 WL 21810944, at *4
(Tex. App.CFort
Worth Aug. 7, 2003, pet. denied) (mem. op.).





[57]See Tex. R. App. P. 47.1.