

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-15-00106-CV

_____

JAN ROGERS FREEMAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE
ESTATE OF MICHAEL NEAL FREEMAN; JENNIFER PAIGE SCOGGINS; LAURIE LYNN
CAVES; AND ASHLEY MICHELLE KIRKLAND, Appellants

V.

JI SPECIALTY SERVICES, INC., YORK RISK SERVICES GROUP, INC., AND DIANA
MALDONADO, Appellees

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-626

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

This appeal arises from a dispute involving workers' compensation medical benefits for an injured law enforcement officer, Michael Neal Freeman (Freeman), who is now deceased. In September 2015, Jan Rogers Freeman, individually and as representative of the estate of Michael Neal Freeman, along with Jennifer Paige Scoggins, Laurie Lynn Caves, and Ashley Michelle Kirkland (collectively Appellants) filed suit against JI Specialty Services, Inc. (JI Specialty Services), York Risk Services Group, Inc. (York Risk Services), and Diana Maldonado (collectively Appellees). Appellants sought actual and exemplary damages from Appellees for their alleged intentional and grossly negligent conduct in matters involving Freeman's workers' compensation benefits. Appellees did not answer the suit; instead, they filed a motion to dismiss challenging the trial court's subject-matter jurisdiction. Appellees argued that, pursuant to the Texas Workers' Compensation Act (the Act), the trial court lacked subject-matter jurisdiction. The trial court granted Appellees' motion and dismissed Appellants' lawsuit. Appellants timely filed this appeal. For the reasons below, we affirm the trial court's judgment.

I.    Background[1]

On June 28, 2007, Freeman was employed by Harrison County, Texas, as a deputy sheriff. In performance of his duties, Freeman was seriously injured in a high-speed chase and suffered

_____

[1]Prior to filing this case, in August 2013, Appellants filed suit against JI Specialty Services and Maldonado in the Harrison County District Court alleging that they had failed and refused to adjust, authorize, and pay for certain workers' compensation medical benefits, including a motorized wheelchair, a wheelchair accessible van, backup wiring for a generator for Freeman's home, and a Hill ROM Total Spo2rt Bed - Model P1916EA1. In that case, Appellants' final causes of action, which were amended after Freeman's death, included wrongful death and survival claims, intentional infliction of emotional distress, abuse of process, Insurance Code violations, and gross negligence. In response, JI Specialty Services and Maldonado filed a motion to dismiss for lack of subject-matter jurisdiction due to Appellants' alleged failure to exhaust their administrative remedies as required by the Act. The trial court granted

disc herniations at C5-C6 and C6-C7. Harrison County participates in the Texas Association of Counties Risk Management Pool (the Risk Management Pool). *See* TEX. LOC. GOV'T CODE ANN. § 119.002 (West 2008).[2] The Risk Management Pool enters into contracts with third-party administrators for the purpose of adjusting workers' compensation claims; in Freeman's case, the third-party administrator was JI Specialty Services.

As a result of his injuries, Freeman underwent a cervical decompression. On July 25, 2011, Freeman had a second neck surgery, but due to an infection and complications, Freeman became a "ventilator dependent quadriplegic."[3] Appellants allege that, by April 2012, Freeman's condition had deteriorated to the point that he needed a specialized bed in his home to prevent painful bed

---

their motion to dismiss in December 2014. Appellants filed a motion for rehearing, which the trial court granted; however, before the parties obtained a rehearing, the Texas Supreme Court released *In re Crawford*. *See In re Crawford & Co.*, 458 S.W.3d 920 (Tex. 2015) (per curiam). Appellants state that they nonsuited their case in order to reassess which claims remained viable in light of the court's decision in *Crawford*. In September 2015, Appellants filed their original petition against Appellees in this litigation asserting causes of action for wrongful death and survival claims as well as a claim for gross negligence. Appellants sought actual damages and exemplary damages.

In addition to Appellees' argument that the trial court lacked subject-matter jurisdiction, Appellees also contend that the Appellants' suit is barred by the doctrine of res judicata because a final judgment addressing the same issues and containing the same parties was issued in December 2014, when the trial court granted their motion to dismiss. Because we affirm the trial court's judgment granting dismissal for lack of subject-matter jurisdiction, we decline to address the issue of res judicata.

[2]Section 119.002 states,

> (a)  On the adoption of a resolution by the commissioners courts of at least 10 counties in this state, the County Government Risk Management Pool is created to insure each county in this state that purchases coverage in the pool against liability for acts or omissions of that county and the officials and employees of that county under the law.
> (b)  Any county in this state that meets the criteria established by the pool in its plan of operation may purchase coverage from the pool. The county may use county funds to pay any fees, contributions, or premiums required to be a part of the pool and to obtain coverage through the pool.

TEX. LOC. GOV'T CODE ANN. § 119.002.

[3]At approximately the same time, York Risk Services was in the process of purchasing JI Specialty Services.

3

sores and the accumulation of fluid in his lungs. In an effort to alleviate these problems, Dr. Gregory Stocks prescribed the Hill TOM Total Spo2rt Bed - Model P1917EAI and submitted his request for preauthorization. Appellants claim that several other health-care practitioners who dealt with Freeman requested the specialized bed. Appellants maintain that Appellees refused to provide an appropriate bed for Freeman.[4]

In their petition, Appellants allege that Appellees were "consciously indifferent to [Freeman's] suffering and the harm that would occur to him without the specialized bed." They allege wrongful death and survival causes of action arising out of Appellees' intentional conduct, gross negligence, and negligence. They further allege that, as a direct cause of Appellees' gross negligence, Freeman's wife and children suffered pecuniary loss, loss of consortium, loss of companionship and society, and mental anguish. Appellants claim they were entitled to recover exemplary damages as a result of Appellees' alleged gross negligence and intentional conduct. In addition, Appellants alleged Freeman's estate sustained actual damages. Appellees responded by filing a motion to dismiss for lack of subject-matter jurisdiction. The trial court granted Appellees' motion and dismissed Appellants' suit. Appellants contend the trial court erred when it granted Appellees' motion to dismiss. We disagree.

## II. Standard of Review

Whether a trial court has subject-matter jurisdiction is a question of law and is subject to a de novo review. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.

---

[4]Appellants state that Appellees used as their justification a November 1, 2012, peer review from Dr. Bruce Friedman to provide a pretext for refusing the bed. Friedman allegedly opined that the "Rotorest bed" was determined to not be feasible for a "home setting" and could only be safely used in an acute hospital setting or long-term, acute-care facility.

2002). When a trial court lacks subject-matter jurisdiction, the trial court's judgment must be reversed and the case dismissed. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) (per curiam). A motion to dismiss due to a lack of subject-matter jurisdiction is the functional equivalent of a plea to the jurisdiction. *Trutec Oil & Gas, Inc. v. W. Atlas Int'l, Inc.*, 194 S.W.3d 580, 584 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex. App.—San Antonio 2003, pet. denied). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"[W]e first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent," and "we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *City of Waco v. Kirwan*, 298 S.W.3d 618, 621, 622 (Tex. 2009). In considering any jurisdictional evidence, we "'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Id*. at 622 (quoting *Miranda*, 133 S.W.3d at 228). In general, the standard mirrors that of a traditional summary judgment motion. *Miranda*, 133 S.W.3d at 227.

## III. Discussion

### A. Exclusive Jurisdiction

#### 1. Applicable Law

In this case, the trial court has subject-matter jurisdiction to hear a claim and award damages "only to the extent that relief is not dependent upon the adjudication, directly or

indirectly, of a matter within the [Texas Department of Insurance–Workers' Compensation Division's (the Division)] exclusive jurisdiction." *Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). The Act provides that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for a work-related injury. TEX. LAB. CODE ANN. § 408.001(a) (West 2015). "The [Act] vests the power to award compensation benefits solely in the Workers' Compensation Commission . . . , subject to judicial review." *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001) (quoting *Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996)). "The determination that an agency does [or] does not have exclusive jurisdiction is a question of law, which we review de novo." *Snyder*, 291 S.W.3d at 477.

### 2.    Analysis

As pointed out by Appellees, the crux of this case is found in the exclusive remedy provision of the Texas Labor Code, which states:

> (a)    Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

> (b)    This section does not prohibit the recovery of exemplary damages[5] by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

---

[5]To the extent Appellants seek actual damages, subpart (b) is inapplicable.

6

(c)    In this section, "gross negligence" has the meaning assigned by Section 41.001, Civil Practice and Remedies Code.

TEX. LAB. CODE ANN. § 408.001 (West 2015).

Appellants maintain their claims for the "grossly negligent and intentional death of [Freeman] are separate and apart from the administrative remedies afforded them." They state that "the Legislature was cognizant of a Constitutionally granted right to bring suit for exemplary damages for grossly negligent and intentional conduct that results in death and therefore set out a specific subpart alongside and apart from the Exclusive Remedy Provision which allows Appellants['] suit." Appellants reason that subpart (a) does not trump subpart (b); instead, "each subpart stands on its own and recovery may be had under either if the facts support it." Relying completely on subpart (b), Appellants contend that their case falls within the exception to the exclusive remedy provision.

In support of Appellants' position, they emphasize the Texas Supreme Court's decision in *Crawford. See Crawford*, 458 S.W.3d at 920. In *Crawford*, a workers' compensation claimant and his spouse (collectively the Johnsons) brought a lawsuit against the insurer, its claims services contractors, and its employee (collectively Crawford) for numerous causes of action, some sounding in tort,[6] some sounding in contract,[7] and some alleging violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *Id.* at 922.

---

[6]The tort causes of action included negligence; gross negligence; negligent, fraudulent, and intentional misrepresentation; fraud; fraud by non-disclosure; fraudulent inducement; intentional infliction of emotional distress; malicious prosecution; and conspiracy. *Crawford*, 458 S.W.3d at 922.

[7]The contract causes of action included breach of contract, *quantum meruit*, and breach of the common-law duty of good faith and fair dealing. *Id.*

7

The Johnsons specifically pled that the Act did not require them to pursue their claims through the Division's administrative procedures and that they did not need to exhaust their remedies because

> (1) the Act's administrative procedures [did] not apply to some of their claims; (2) Crawford's "subterfuge" of the workers' compensation system relieve[d] [plaintiffs] from any duties under that system; and (3) the Johnsons [were] seeking to recover for "independent injuries . . . that [were] unrelated to . . . workers['] compensation injuries and the benefits that he [was] entitled to under the system."

*Id*. The Johnsons agreed that they were required to pursue their claims for workers' compensation benefits through the administrative process; however, they argued that "they [could] pursue [the] claims for additional, independent, and 'unrelated' damages in the courts."[8] *Id*.

The court concluded that the Division had exclusive jurisdiction over plaintiffs' claims and that the Act provided their exclusive remedies. *Crawford*, 458 S.W.3d at 923. Referring to *Ruttiger*,[9] the court explained,

> [T]he Act, as substantially revised in 1989, "prescribes detailed, [Division]-supervised, time-compressed processes for carriers to handle claims and for dispute resolution" and "has multiple, sometimes redundant but sometimes additive, penalty and sanction provisions for enforcing compliance with its requirements."

---

[8]For instance, the Johnsons sought damages based on the insurance adjuster falsely accusing them of insurance fraud, which lead to their arrest and a two-year ordeal to clear their names. *Crawford*, 458 S.W.3d at 922. In its ruling, the court stated:

> We now turn to the Johnsons' claims for malicious prosecution and intentional infliction of emotional distress, which are both based on allegations that Crawford falsely reported to a district attorney that the Johnsons committed insurance fraud by requesting mileage reimbursements for travel that had not occurred. We hold that the Division has exclusive jurisdiction over these claims because they also arise out of Crawford's investigation, handling, and settling of the Johnsons' claims for workers' compensation benefits.

*Id*. at 927.

[9]In *Ruttiger*, the Texas Supreme Court eliminated certain statutory and common-law claims arising from an insurer's adjustment, handling, and settling of workers' compensation claims. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 457 (Tex. 2012) (Willett, J., concurring).

8

*Crawford*, 458 S.W.3d at 923 (quoting *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 433 (Tex. 2012)). The *Crawford* court stated, "'Recognizing and respecting the Legislature's prime position in enacting, studying, analyzing, and reforming the system, and its efforts in having done that' we concluded that '[t]he Act effectively eliminates the need for a judicially imposed cause of action outside the administrative processes and other remedies in the Act.'" *Id*. at 924 (quoting *Ruttiger*, 381 S.W.3d 451). The court further stated, "[T]he rule we applied in *Ruttiger* is that the Act provides the exclusive process and remedies for claims arising out of a carrier's investigation, handling, or settling of a claim for workers' compensation benefits." *Id*. at 925–26.

The Texas Supreme Court continued, "We did not hold in *Ruttiger*, however, that the Act bars every statutory and common law claim that can be asserted against a workers' compensation carrier." *Id*. at 924 (citing *Ruttiger*, 381 S.W.3d 445–46). Citing *Rodriguez v. Naylor Indus., Inc*., 763 S.W.2d 411, 412 (Tex. 1989), the court went on to explain that an exception to the rule exists when "a spouse is pursuing a loss of consortium claim where there is evidence that the employer's intentional tort caused the employee's injury."[10] *Crawford*, 458 S.W.3d at 928 (citing *Rodriguez*, 763 S.W.2d at 412).[11] Based on *Crawford*, Appellants argue that the Texas Supreme Court specifically gave an example of a permissible cause of action [i.e., consortium], and it is one by which Appellants herein have brought suit."

---

[10]In *Rodriguez*, the spouse was suing her husband's employer for loss of consortium resulting from personal injuries her husband suffered following a tire blowout on a truck he was driving at work. *Rodriguez*, 763 S.W.2d at 411–12.

[11]The court concluded that, even if the spouse had standing to assert her claims, they fell within the Division's exclusive jurisdiction. *Crawford*, 458 S.W.3d at 928.

Appellees maintain that the Act remains Appellants' exclusive remedy because their alleged claims arise out of Appellees' conduct in the adjusting, handling, or settling of Freeman's workers' compensation benefits prior to his death. Moreover, Appellees contend that Appellants ignore the fact that subpart (b) is applicable only in cases involving an employer and that this is not such a case. Appellees point out that the cases cited by Appellants, especially *Smith v. Atlantic Richfield*[12] and *Barnes v. United Parcel Service, Inc.*,[13] are suits involving employers. They emphasize that *Smith* and *Barnes* stood for the proposition that, even if a deceased worker had not exhausted his or her administrative remedies under the Act, either by not claiming benefits (as in *Smith*) or by failing to exhaust administrative remedies (as in *Barnes*), a suit by a family member against the decedent's *employer* for exemplary damages is not prohibited under various legal theories.

While Appellants do not dispute the fact that Appellees were not Freeman's employers, they argue, without directing us to any cases in support of their argument, that Appellees have construed the exclusive remedy provision too narrowly. We disagree. It is well settled that we are required to follow the plain meaning of a statute. *Meno v. Kitchens*, 873 S.W.2d 789, 792 (Tex. App.—Austin 1994, writ denied). Courts must presume that every word in a statute has been used for a purpose and that every word excluded was excluded for a purpose. *Cameron v. Terrell*

---

[12]In *Smith*, the family of the deceased employee, who during the course of employment was exposed to carcinogenic substances, contracted cancer, and died, brought suit against the employee's employer for wrongful death to recover exemplary damages. *Smith v. Atl. Richfield Co.*, 927 S.W.2d 85 (Tex. App. —Houston [1st Dist.] 1996, writ denied).

[13]In *Barnes*, the fiancée of an employee who suffered a fatal heart attack at work brought a gross negligence action against his employer after denial of workers' compensation benefits on behalf of her son. *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

10

*& Garrett*, *Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). Contrary to Appellants' argument, had the Legislature intended to include insurance companies, risk management pools, third-party administrators, or other agents of employers in subpart (b),[14] it could have easily done so. It plainly chose not to, and we decline to interpret the language of subpart (b) to mean anything other than its plain meaning. Under these circumstances, Section 408.001(b)'s exception to the exclusive remedy provision is of no assistance to Appellants.

## B. Failure to Exhaust Administrative Remedies

Having determined that Appellants' claims fall within the scope of the exclusive remedy provision of Section 408.001(a), we must now consider whether Appellants' petition sufficiently alleges that they have exhausted their administrative remedies as required by that section. Appellees contend that Appellants failed to exhaust their administrative remedies prior to filing their lawsuit in the district court. Appellants maintain the issue is not whether Appellees followed the proper procedure, but that, instead, the issue is whether Appellees' conduct was intentional or grossly negligent.

### 1. Applicable Law

A claimant is required to exhaust all administrative remedies with the Division before suing an insurer[15] on statutory and tort claims alleging denials, delays, interruptions, and premature

---

[14]We note that the Legislature included "employer or an agent or employee of the employer" in subpart (a). Had they wanted to include such language in subpart (b), they could have done so. As such, we find it unnecessary to determine if Appellees were acting as agents of Freeman's employer, Harrison County, nor do we find it necessary to determine the ramifications of making such a finding.

[15]Statutorily, the Risk Management Pool is subject to the provisions of the Act, but it is not considered "insurance" for purposes of the Insurance Code and other laws of the State. TEX. LAB. CODE ANN. § 119.008 (West 2008).

11

terminations of medical treatment. TEX. LAB. CODE ANN. § 410.251 (West 2015).[16] The

exhaustion requirement ensures that the administrative agency has had the opportunity to resolve

[16]An insurance carrier is required to approve or deny a preauthorization request and provide notice of its decision to the claimant or health-care provider within three working days of receipt of the request. 28 TEX. ADMIN. CODE § 134.600(i) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care). The insurance carrier must provide a written notice of its decision to the injured employee or his representative within one working day of the decision. 28 TEX. ADMIN. CODE § 134.600(j) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care). A denial of preauthorization shall include the clinical basis for the denial, a description or the source of the screening criteria that were utilized as guidelines in making the denial, the principal reasons for denial, if applicable, a plain language description of the complaint and appeal process, and after reconsideration of a denial, notification of the availability of an independent review. 28 TEX. ADMIN. CODE § 134.600(m) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care).

     When an insurance carrier refuses preauthorization, the claimant or health-care provider may request reconsideration within thirty days of receipt of a written denial and is required to document the reconsideration request. 28 TEX. ADMIN. CODE § 134.600(o)(1) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care). The insurance carrier is required to reply to a request for reconsideration within thirty days after receiving a request for reconsideration of denied preauthorization or three working days of receipt of a request for reconsideration of denied concurrent review. 28 TEX. ADMIN. CODE § 134.600(o)(2) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care).

     If reconsideration is denied, a health-care provider or employee may appeal the denial by filing a request for medical dispute resolution by an independent review organization with the Division. TEX. LAB. CODE ANN. §§ 413.031–032 (West 2015); 28 TEX. ADMIN. CODE § 134.600(o)(4) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care). Medical necessity disputes are considered either "categorized as preauthorization or concurrent medical necessity" or "retrospective medical necessity" disputes. 28 TEX. ADMIN. CODE 133.305(a)(4) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., MDR–General). A request for independent review of a medical necessity dispute must be filed no later than the forty-fifth calendar day after receipt of the insurance carrier's denial of an appeal. 28 TEX. ADMIN. CODE § 133.308(h) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., MDR of Medical Necessity Disputes). In addition, the Division may dismiss an independent review of a request for medical necessity dispute resolution if the requestor informs the Division, or the Division determines, that the dispute no longer exists. 28 TEX. ADMIN. CODE § 133.308(i)(1) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., MDR of Medical Necessity Disputes).

     A party to a medical necessity dispute may appeal the independent review organization's decision by asking for a contested case hearing. 28 TEX. ADMIN. CODE § 133.308(s)(1) (West, Westlaw current through Oct. 7, 2016) (Tex. Dep't of Ins., Div. of Workers' Comp., MDR of Medical Necessity Disputes). A benefit review conference is not a prerequisite to a division contested case hearing in this instance. *Id.* Finally, a party to a medical necessity dispute who has exhausted all administrative remedies may seek judicial review of the Division's decision. 28 TEX. ADMIN. CODE § 133.308(s)(1)(F).

any disputed fact issues within its exclusive jurisdiction before a district court addresses those issues. *See Essenburg v. Dallas Cty.*, 988 S.W.2d 188, 189 (Tex. 1998) (per curiam).

### 2. Analysis

First, Appellants claim that, "[b]y failing to subject themselves to discovery, Appellees misconstrue, if not mislead the Court regarding the evidence." They state,

> Appellees would have us believe that getting benefits from them was as easy as ordering a Big Mac from McDonalds when the gravamen of Appellants [sic] Petition is that, instead, Appellees were like a black hole of nothingness where no fewer than seven (7) health care providers requested that Appellees pay for a specialized bed for Deputy Freeman, in addition to the repeated instances by his attorneys and his family and yet Appellees took no action on the requests.

We construe Appellants' statement to mean that they repeatedly made the requests for the specialized bed, but they received no response from Appellees; therefore, they had no denial to submit through the administrative channels. Appellants' petition, however, states, "Defendants refused to provide an appropriate bed for Deputy Freeman. They used as their justification a November 1, 2012[,] peer review from Dr. Bruce Friedman, a burn specialist . . . ." They state further, "Defendants maintained their refusal to authorize said bed despite the fact that Deputy Freeman had around the clock skilled health care workers attending to him . . . ." Whether Appellants received a denial of their request or they failed to receive an answer at all, either complaint could have been submitted to the Divsion. Although Appellants' petition reflects that they repeatedly asked for the specialized bed, there exists no statement in their petition that they even attempted to exhaust their administrative remedies prior to filing suit in district court.

13

Instead, Appellants make the following claim:

JI SPECIALTY SERVICES, INC. and YORK RISK SERVICES GROUP, INC. "have tacitly accepted culpability for the death of Deputy Freeman by paying death benefits to Plaintiff Jan Freeman. These defendants were under no affirmative duty to pay benefits for death due to natural causes or an ordinary disease of life. Instead, they have tendered death benefits to Jan Freeman in compensation for her loss. Thus, all administrative remedies under the Texas Workers [sic] Compensation Act for the death of Deputy Freeman have been exhausted.

Appellants point to no authority to support their claim that, because Appellees tendered death benefits, they are excused from exhausting their administrative remedies. Moreover, Appellants' statements acknowledge the requirement that they must exhaust their administrative remedies prior to filing suit.

The Houston Court of Appeals addressed a similar issue in *Macias v. Schwedler*, 135 S.W.3d 826 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In that case, the wife (Macias) of an employee brought a wrongful death action against a workers' compensation insurance company and its employees (the Company) who were involved in the denial of her husband's workers' compensation claim. *Id*. at 827–28. She brought the suit individually, on behalf of her husband's estate, and as next friend of the couple's children. *Id*. at 828. She alleged that the Company knowingly violated the Texas Insurance Code. She also alleged claims of fraud, unfair settlement practices, and intentional infliction of emotional distress. The Company filed a motion to dismiss for lack of subject-matter jurisdiction arguing that Macias' petition failed to state facts showing that the decedent (or plaintiff) exhausted her administrative remedies before the Division and that the trial court had no jurisdiction to adjudicate Macias' claim for workers' compensation benefits. *Id*. at 829. The trial court granted the Company's motion to dismiss. *Id*.

14

On appeal, Macias argued, among other things, that, "because this is not a suit to recover compensation benefits as damages, there is no determination of benefits or medical treatment for the Commission to make, and therefore, there is no need to exhaust administrative remedies under the [Act]." *Id*. In affirming the trial court, the Houston Court of Appeals stated, "Macias ignores that each of these grounds of recovery is based on Macias's assertion that benefits for Manuel Macias were wrongly denied. Therefore, the basis for the denial of benefits is central to the lawsuit." *Id*.

As in *Macias*, Appellants have attempted to find a way around the Act's requirement that they exhaust their administrative remedies. Their claims fit squarely within the parameters of the Act, and they fall outside of the exceptions to the exclusive remedy provision, subpart (b), because they have filed suit against Appellees, not Freeman's employer. They were required to exhaust their administrative remedies in accordance with the Act. Their petition is void of any statement claiming that they did. "As we have often explained, claimants may not recast claims to avoid statutory requirements or to qualify for statutory protections." *Crawford*, 458 S.W.3d at 926 (citing *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005)).

## IV.    Conclusion

Because Appellants have no claim against an insurance adjuster for intentional conduct or gross negligence resulting in death under Section 408.001(b) and because their claims arise out of the denial of medical benefits under the Act, Appellants' claims fall within the exclusive remedy provision of Section 408.001(a). Because Appellants have not alleged facts sufficient to establish that they exhausted their administrative remedies under that section, their petition fails to

15

demonstrate that the trial court had subject-matter jurisdiction to consider their claims. Accordingly, the trial court correctly granted Appellees' plea to the jurisdiction and dismissed Appellants' petition.[17] Consequently, we affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     May 23, 2016
Date Decided:      November 3, 2016

---

[17]*See Crawford*, 458 S.W.3d at 929 ("Because [the plaintiffs] failed to exhaust their administrative remedies under the Act prior to filing this action, the trial court lacked jurisdiction and should have dismissed it.").

16